## LOVELAND *v.* SEARS.

AMENDMENT *of sheriff's return after judgment.* Upon leave of court a sheriff may amend his return on a summons at a term subsequent to that at which judgment was rendered, and after the record has been removed to the supreme court.

BILL OF EXCEPTIONS — *when necessary.* Error cannot be assigned as to the damages awarded in the court below, unless the evidence upon which the finding was made is preserved in the record.

PLEADING — *one good count will support general verdict.* It cannot be objected that one count in a declaration is faulty, if there is one good count to support the finding. Rev. Stat. 509.

PRACTICE — *referring note to clerk to compute amount due.* Where a judge of
probate court acts as his own clerk, it is not necessary to refer a note on
which action is brought to the clerk to compute the amount due thereon.

MISNOMER — *omission of word "junior" in record of judgment.* The word
"junior" is no part of a name, and where a plaintiff in the summons and
declaration affixed the letters " jr." to his name, the omission of those let-
ters in the record of judgment is immaterial.

*Error to Probate Court, Arapahoe County.*

Messrs. MILLER & MARKHAM, for plaintiff in error.

Mr. E. L. SMITH, for defendant in error.

BELFORD, J.    This was an action of assumpsit instituted
in the probate court of Arapahoe county on the 28th day of
December, 1867, on a promissory note executed by Love-
land to Cook & Co., and by them duly assigned to Sears.
The summons was issued on the same day, and the return
of the sheriff shows that it was served on the 29th of Decem-
ber, 1867.    At the February term, 1868, of that court, judg-
ment was rendered by default against Loveland, for $1,650.50.
This writ of error was sued out to reverse this judgment and
a supersedeas was granted.    At the present term of this
court the defendant in error, by his attorney, filed his affi-
davit and also that of Richard Sopris, the sheriff, who served
the summons, showing that the date of the return of service
of the summons was erroneous.    On this showing he was
allowed to file a supplemental record.    It further appears
that the defendant in error appeared before the probate
court and made application to have the return amended, so
as to show that service was made on the 28th of December
instead of the 29th.    The plaintiff in error appeared by his
attorney.    The notice given of the application to amend was
brief, but it does not appear that further time was required
by plaintiff's attorney.    The court, on hearing the evidence of
the sheriff, allowed the return to be amended.    These facts
appear in the supplemental record filed at this term.    The
first error assigned is that the court below permitted the
amendment to be made.    In the case of *Moore* v. *The Peo*

*ple,* 3 Gilm. 153, amendments of this kind are regarded as matters of course and that no resistance can be made to such application. Should the sheriff make a false return he is responsible for the consequences. *Morris* v. *Trustees, etc.,* 15 Ill. 269 ; 33 id. 269 ; 53 id. 323.

The next error assigned is, that the judgment is in excess of the amount of the note. There is no bill of exceptions here containing the note and we can make no computation to ascertain whether such be the fact.

It is objected that there is one bad count in the declaration and that the finding of the court was a general one. It is sufficient to say, there is one good count and that will support a general finding.

The next objection is, that the probate judge did not refer the note to the clerk to make assessment of damages. The probate judge filled both offices. If it were necessary to refer it to the clerk, in this case, it would be handing the note by Jacob Downing, judge, to Jacob Downing, clerk, a ceremony not calculated to especially advance the spirit of justice.

The next objection is, that Sears is described in the pleadings and summons as Jasper P. Sears, Jr., and that the judgment is rendered in favor of Jasper P. Sears, omitting the letters "Jr." The word "junior" is no part of a name, but is merely descriptive of the person ; and is usually adopted to designate the son, when the father bears the same christian name, as well as family name. *Padgett* v. *Lawrence,* 10 Paige, 170. The omission to add the word "junior" to Sears' name in the judgment can cut no figure, as the judgment recites that "said plaintiff do have," etc. This shows in whose favor the judgment was rendered.

We are unable to find any error in this record.

The judgment below is affirmed at the cost of the plaintiff in error.

*Affirmed.*